

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS      AUSTIN 11, TEXAS

JOHN ~~[illegible]~~
~~ATTORNEY GENERAL~~

Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Dr. Woods:             Opinion No. 0-7257

            Re: Whether the persons designated
                 by the State Department of Edu-
                 cation to help in the program
                 of developing an elementary
                 course of study may legally
                 have their travel and mainten-
                 ance expenses paid by the State.

        This will acknowledge receipt of your letter requesting an
opinion of this Department, from which we quote:

        "The State Department of Education is undertak-
ing a program of developing an elementary course of
study. We have invited all the school teachers of
the State to participate.

        "The material has been gathered here in the
State Superintendent's office and it now must be
compiled in bulletin form for use in the public
schools. Three or four outstanding leaders in cur-
riculum making in the elementary field have agreed
to assist us in coordinating this material if we
can pay their traveling expense to and from Austin,
and their maintenance while here. They would be
required to stay here about three or four weeks.

        "We have sufficient funds in our travel account
to take care of this if it is your opinion that this
can be done. They will not be paid any salary, and
we feel that we should pay their travel and mainten-
ance if we can legally do so.

        "Will you please give us your opinion on this
at your earliest convenience."

It is the opinion of this Department that the expenditures mentioned by you may not be paid by the State.

It is fundamental law, of course, that no moneys may be paid from the State Treasury except upon a specific appropriation made by the Legislature.

There is in the appropriation for the State Department of Education for the current biennium Item 26, Traveling Expense - $10,750.00 per annum. The purpose for which that item of appropriation is made is, of course, to pay the traveling expense of employees and representatives of the Department. This could not possibly be construed to include the travel expenses of persons, however worthy and however helpful, who were not members or employees of the Department.

This ruling is in line with the ruling made by this Department in Opinion No. O-6056, addressed to Honorable Royall R. Watkins, President, State Board of Education of Texas (copy of which we hand you herewith) wherein we said:

> "Within the scope of the foregoing statutory provisions, it is obvious that no authority, either express or implied, exists for defraying expenses of such Special or Standardization Committee referred to in your communication. Neither have we discovered any other statute which authorizes such expenses. The functions of such committee are provided for by existing law. Such functions are to be exercised by the Textbook Committee, created by the State Board of Education as required by Art. 2675b-5(f), V.A.C.S., the members of which shall receive the compensation as therein provided.
>
> "Of course, it is permissible for the State Board of Education to seek advice and counsel from other sources, such as teachers, supervisors, school administrators, and the State Superintendent of Public Instruction, who is ex officio Secretary of said Board. However, in the absence of statutory authority, such advice and counsel must be furnished, if at all, without expense to the State."

APPROVED JUN 10 1946

/s/ Ocie Speer

ATTORNEY GENERAL OF TEXAS

OS-MR:tiw

APPROVED
OPINION
COMMITTEE
By /s/BWB
Chairman

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      /s/ Ocie Speer
            Ocie Speer
            Assistant